UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMERO GARCIA,<br><br>      Petitioner,<br><br>      v.<br><br>WARDEN OF THE CALIFORNIA CITY<br>CORRECTIONAL CENTER, *et al.*,<br><br>      Respondents. | Case No. 2:26-cv-00511-JLT-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTIONS FOR IMMEDIATE RELEASE (A-Number 246 060 030)<br><br>(Docs. 1, 13, 14)<br><br>**14-Day Objection Period** |

Petitioner Homero Garcia, a federal immigration detainee proceeding pro se, initiated this action on February 20, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). That same day, Petitioner filed a motion for temporary restraining order ("TRO"). (Doc. 3). Petitioner is in the custody of Immigration and Customs Enforcement ("ICE") at the California City Correctional Center. (Doc. 1 at 1). Respondents are the unnamed Warden of the California City Correctional Center; the unnamed Field Office Director for the ICE San Diego Field Office; Todd M. Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); and Todd Blanche, Attorney General of the United States.[1] *Id.*

---

[1] Markwayne Mullin is automatically substituted for the former Secretary of DHS, Kristi Noem, and Todd Blanche for Pamela Bondi, former United States Attorney General. Fed. R. Civ. P. 25(d).

On February 20, 2026, the assigned district judge denied Petitioner's motion for TRO and referred the matter to the undersigned for a determination on the merits. (Doc. 7). On March 13, 2026, Respondents filed a response to the petition. (Doc. 8). Petitioner thereafter filed a traverse and an amended traverse. (Docs. 9, 10). Respondents filed a supplemental exhibit on March 25, 2026, after which Petitioner filed a reply. (Docs. 11, 12). Petitioner then filed two motions, both for immediate release. (Docs. 13, 14).

For the reasons set forth herein, the undersigned recommends that Petitioner's petition for writ of habeas corpus be denied.

## I.    Relevant Background

The relevant facts are drawn from the parties' filings. *See* (Docs. 1, 8-12). Petitioner is a Mexican national who entered the United States in April 2000. Petitioner asserts that he "lawfully entered" the United States, that he was "paroled into the country," and "subsequently filed an application for asylum," which remains pending as of the date of his petition. He alleges that ICE previously released him from custody and allowed him to remain in the community while removal proceedings were pending. (Doc. 1 at 1-2, 4). Petitioner asserts that, on September 3, 2025, ICE agents arrested him at his workplace. *Id.* at 2. He asserts that he has been detained without being provided a bond hearing or custody redetermination. *Id.* at 5. Petitioner attaches numerous documents to his petition, many of which are only partially legible. Insofar as the Court can determine, they appear to consist of printouts of immigration case information and orders, banking records, a birth certificate, wage and tax records, and a residential lease. *Id.* at 10-49.

In their response to the petition, Respondents assert that they "do not have a record indicating [that Petitioner was] encountered before 2025." (Doc. 8 at 2). Respondents contend that Petitioner filed a prior petition for a writ of habeas corpus in the Central District of California: *Garcia v. Noem*, No. 2:25-cv-9474-KK-AS. *Id.* at 1-2. Respondents note that, in the prior *Garcia v. Noem* action, Petitioner (through counsel) filed a motion for TRO which was granted on October 9, 2025, providing Petitioner with a bond hearing. *Id.* at 1 (citing *Garcia v. Noem*, No. 2:25-cv-9474-KK-AS, 2025 WL 3898482, at *1 (C.D. Cal. Oct. 9, 2025)). Respondents assert that Petitioner presents the same issues in the instant action that were decided, or could have been

decided, in the first petition filed by Petitioner, namely Petitioner's eligibility for a bond hearing under 8 U.S.C. § 1226(a). Respondents note that Petitioner received a bond hearing and chose not to appeal the decision. *Id.* at 2. Respondents assert that Petitioner was "granted the opportunity to voluntarily depart the United States by December 2, 2025," but appealed the order and is "now subject to a removal order entered on December 3, 2025." *Id.* at 3. Respondents attach to their response orders of the immigration judge ("IJ"), including three orders concerning bond hearings, as well as an order to show cause issued by the district judge in the *Garcia v. Noem* case. (Docs. 8-1, 8-2, 8-3, 8-4). In an order regarding custody redetermination proceedings dated October 8, 2025, the IJ states that, as Petitioner is "an individual who has entered without inspection," he is not entitled to a bond hearing. (Doc. 8-2 at 1; citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025)). In another such order dated October 16, 2025, the IJ states that the bond request was withdrawn at the request of the immigration detainee to allow for attorney preparation. *Id.* at 3. And in another such order, dated November 12, 2025, the IJ states that bond is denied due to risk of flight, setting forth reasoning regarding community ties and residency. *Id.* at 5.

In his traverse and amended traverse, Petitioner asserts that he has "never filed any prior habeas corpus petition challenging his detention or raising the claims presented in this action." Petitioner states that Respondents' claim "appears to stem from a fundamental error, likely involving a misidentification with a different individual who shares a similar or identical name." (Doc. 9 at 4); *see* (Doc. 10 at 1) (asserting that Respondents have "confused the identity of two distinct people … without bothering to verify Alien Registration Numbers").

Petitioner attaches numerous documents to his amended traverse, including a verification of tenancy from Allan Suwito, dated October 23, 2025, that purports to confirm Petitioner's tenancy at an address in Burbank, California, with his tenancy having commenced on October 1, 2011, and remaining presently active under the terms of a written lease agreement. (Doc. 10 at 6). Petitioner attaches a letter, dated September 13, 2025, from Jacob Bersegian, manager at Vineland Car Wash in North Hollywood, California, asserting that Petitioner has worked at the car wash since 2008 and until he was detained by ICE. *Id.* at 7. Petitioner attaches a letter, dated October 23, 2025, from his neighbor Casimiro Saucedo Mendez who supports the fact that Petitioner lives at the

3

Burbank address and is married.  Petitioner includes a scan of Mr. Saucedo Mendez's California driver license.  *Id.* at 12-15.  Petitioner also includes letters from two other neighbors, Stephanie Saucedo and Mayra Villalvazo, the former dated October 22, 2025, and the latter undated.  *Id.* at 17, 24.  Petitioner also attaches the declaration of Juan Eduardo Martinez Arguello, which erroneously asserts that Mr. Martinez Arguello is the petitioner in the instant action, and contains information inapplicable herein.  *Id.* at 31-34.

Respondents attach two exhibits in a supplemental filing.  *See* (Doc. 11).  The first is a purported filing by attorney Jose R. Jordan in an underlying immigration proceeding in support of bond redetermination, identifying the same Alien Number as Petitioner in this action.  (Doc. 11-1 at 1-3).  The second is an order granting a TRO in the *Garcia v. Noem* action in the Central District of California, and directing an individualized bond hearing.  (Doc. 11-1 at 6-12).

In his reply, Petitioner asserts that the prior action in the Central District of California was "filed by prior counsel without Petitioner's knowledge or authorization," and was "dismissed on procedural grounds of mootness, not on the merits" and "pursued by an attorney who effectively abandoned Petitioner, failing to consult with him at any stage of the proceeding."  (Doc. 12 at 1-2).  Petitioner states that he has been "detained for over seven months without a bond hearing."  Petitioner provides that "Mr. Jordan never consulted with petitioner about filing this petition" and filed a "motion to voluntarily dismiss the petition, again without consulting or informing Petitioner," and Petitioner "only learned of this prior case after it had already been closed."  *Id.* at 2.  Petitioner attaches a docket printout of the *Garcia v. Noem* action in the Central District, indicating the same case number as asserted by Respondents' in their response (No. 2:25-cv-09474-KK-AS).  *Id.* at 6-10.

Following the filing of his reply, Petitioner filed two motions for immediate release.  (Docs. 13, 14).  Upon review, they are substantially identical to each other.  The first such motion attaches an additional brief by Petitioner (Doc. 13-1 at 1-6), as well as a brief with a separate case title and number and concerning a different individual than Petitioner (*id.* at 7-10).  In these two motions, Petitioner raises substantially the same claims and arguments as in his initial petition, as well as the contention that Respondents must bear the burden of proof at any bond hearing by clear and

convincing evidence.  (Doc. 13 at 3; Doc. 14 at 3).

The Court also takes judicial notice that Petitioner was granted voluntary departure on November 4, 2025, and that an appeal was filed December 3, 2025, and remains pending.[2]

**II.     Governing Authority**

**A.     The Writ of Habeas Corpus**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  *See* 28 U.S.C. § 2241.  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

**B.     Statutory Immigration Framework (8 U.S.C. § 1226)**

Two statutes govern the detention and removal of inadmissible noncitizens from the United States: 8 U.S.C. § 1226 and § 1225.  Relevant here is the legal background regarding § 1226 presented by the district court in *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC (EMC), 2025 WL 2637503 (N.D. Cal. Sept 12, 2025), which the undersigned adopts herein:

**1.     Full Removal Proceedings and Discretionary Detention (§ 1226)**

The "usual removal process" involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591

_____

[2] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited May 14, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co.*, 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011). Section § 1226 provides that while removal proceedings are pending, a noncitizen "may be arrested and detained" and that the government "may release the alien on ... conditional parole." § 1226(a)(2); *accord Thuraissigiam*, 591 U.S. at 108 (during removal proceedings, applicant may either be "detained" or "allowed to reside in this country"). When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. *Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). A noncitizen will be released if he or she "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id.* (citing 8 C.F.R. § 236.1(c)(8)).

"Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 CFR §§ 236.1(d)(1)). If, at this hearing, the detainee demonstrates by the preponderance of the evidence that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the IJ will order his or his release. *Diaz*, 53 F.4th at 1197 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). Once released, the noncitizen's bond is subject to revocation. Under 8 U.S.C. § 1226(b), "the DHS has authority to revoke a noncitizen's bond or parole 'at any time,' even if that individual has previously been released." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019). However, if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change in circumstance. *See Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021). Where the release decision was made by a DHS officer, not an immigration judge, the Government's practice has been to require a showing of changed circumstances before re-arrest. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017).

*Salcedo Aceros*, 2025 WL 2637503 at *1.

## III.   Exhaustion

### A.   Governing Authority

"Section 2241 … 'does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.'" *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)). The Ninth Circuit, however, requires that, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez*, 239 F.3d at 1047 (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)). "Under the doctrine of exhaustion, 'no one is

6

entitled to judicial relief for a supposed or threatened injury until the prescribed ... remedy has been exhausted.'" *Laing*, 370 F.3d at 997-98 (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). "Exhaustion can be either statutorily or judicially required. If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Id.* at 998 (citing *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 746 (9th Cir. 1991); *Stratman v. Watt,* 656 F.2d 1321, 1325-26 (9th Cir. 1981)). "Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered…. Lower courts … [must] first determin[e whether] the exhaustion requirement has been satisfied or properly waived." *Id.* (internal citations omitted); *see Murillo v. Mathews*, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("Although the application of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion, it is not lightly to be disregarded.").

### B.   Analysis

Neither Petitioner nor Respondents address the issue of exhaustion. *See* (Docs. 1, 8). However, as it is clear from the record that Petitioner is not entitled to habeas relief, the undersigned will recommend that exhaustion be waived and the petition be addressed on the merits.

## IV.   **Discussion**

Petitioner asserts two causes of action in his petition: (1) for violation of the Immigration and Nationality Act ("INA"); and (2) for violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution. (Doc. 1 at 7-8).

### A.   **The Petition Is Not Barred as Successive**

As a preliminary matter, Respondents assert that Petitioner presents the same issues as his prior petition in the Central District of California. (Doc. 8 at 2). Here, an appeal remains pending in his underlying removal proceedings, and, thus, Petitioner is detained prior to the completion of those proceeding proceedings. Accordingly, he is not confined "pursuant to a judgment of a court of the United States" such that 8 U.S.C. § 2244(a) would bar a successive petition. *Kachur v. Chestnut*, No. 1:26-cv-03362-DAD-JDP (HC), 2026 WL 1229009, at *1-2 (E.D. Cal. May 5, 2026) (quoting *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000)); *see Yellowbear v. Wyoming Atty.*

7

*Gen.*, 525 F.3d 921, 925 (10th Cir. 2008) (noting that a petition brought under § 2241 is filed pretrial and not while in custody pursuant to judgment of a state court).

The Ninth Circuit has explained that common law doctrines, such as abuse of the writ or law of the case, might also act to restrict any successive petitions seeking writ of habeas corpus. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). However, it is the Respondents' burden to establish the applicability of any such doctrines and they have not done so here. *Id.* ("The government bears the burden of pleading abuse of the writ, but it did not do so here. Therefore, we do not reach this issue.") (citation omitted); *see* (Doc. 8). The law of the case doctrine holds that a decision in a prior action should be followed unless "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence was adduced at a subsequent trial." *Alaimalo*, 645 F.3d at 1049 (citation omitted). As of yet, the Ninth Circuit has not ruled on whether the law of the case doctrine applies to successive petitions seeking habeas relief. *Id.* at 1049–50.

Thus, the undersigned finds that Petitioner's petition is not barred as successive. *See Kachur,* 2026 WL 1229009, at *1-2; *see also Larios v. Wofford*, No. 1:26-cv-01498-DJC-CKD, 2026 WL 765019, at *2 (E.D. Cal. Mar. 18, 2026) ("individuals like Petitioner who are in custody pending the outcome of their immigration proceedings are not detained pursuant to a judgment of a court of the United States.") (quotation marks omitted).

### B.   Petitioner Has Received a Bond Hearing

Petitioner initially asserted in his petition that he has been detained without being provided a bond hearing or custody redetermination in violation of the INA. (Doc. 1 at 5, 7-8). Though Petitioner initially contested that he had filed a prior habeas petition in the Central District of California (Docs. 9, 10), Petitioner acknowledged in a subsequent filing the earlier petition (Doc. 12). Petitioner asserts that the first petition was initiated, litigated, and dismissed without his consent or involvement. *See id.*. Petitioner then asserts, in his motions for immediate release (Docs. 13, 14), that the burden should be on Respondents to show by clear and convincing evidence that he is a flight risk or a danger to the community. (Doc. 13 at 3). Respondents attach a court order

8

(Doc. 11-1 at 6-12) granting the TRO in the prior action in the Central District of California (*Garcia v. Noem*, No. 2:25-cv-09474-KK-AS), as well as an order of an immigration judge evidencing a bond hearing held on November 12, 2025 (Doc. 8-2 at 5-6).

Petitioner does not credibly dispute Respondents' contention that he received a bond hearing on November 12, 2025, nor contest Respondents' attached order of the immigration judge regarding the hearing on that date. A review of the docket in the *Garcia v. Noem* action before the Central District of California confirms that the TRO was granted and the bond hearing was rescheduled to November 12, 2025, and held on that date, after that court granted Petitioner's TRO, and the action was thereafter voluntarily dismissed as moot. *See* (*Garcia v. Noem*, No. 2:25-cv-09474-KK-AS, Docs. 7, 16, 18).

Though the Court does not take lightly Petitioner's assertions regarding the prior action in the Central District of California being litigated without his consent, such contentions do not change the fact that, here, the record evidence demonstrates Petitioner received due process as required under § 1226(a) and no further process is required by the INA. Contrary to Petitioner's contention, § 1226(a) does not require the burden to be on Respondents to show, by clear and convincing evidence, that Petitioner was a flight risk or danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1193–94 (9th Cir. 2022) ("Section 1226(a) offers substantial procedural protections to detained persons, and Rodriguez Diaz has not shown that these procedures violate due process, either facially or as applied."); *see also In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond).

### C. Prolonged Detention

Petitioner argues that his over eight-month detention "without a trial or hearing" violates due process. (Doc. 13 at 4). However, as noted above, Petitioner received a bond hearing in November 2025. Thus, he has been detained for approximately six months after his custody redetermination.

"The Due Process Clause of the Fifth Amendment mandates that '[n]o person shall ... be deprived of life, liberty, or property, without due process of law.'" *United States v. Quintero*, 995

F.3d 1044, 1051 (9th Cir. 2021) (*citing* U.S. Const. amend. V). "The Due Process Clause 'protects individuals against two types of government action': violations of substantive due process and procedural due process." *Id.* (*citing United States v. Salerno*, 481 U.S. 739, 746 (1987)).

"[I]n a series of decisions since 2001, 'the Supreme Court and [the Ninth Circuit] have grappled in piece-meal fashion with whether the various detention statutes may authorize indefinite or prolonged detention of detainees and, if so, may do so without providing a bond hearing.'" *Rodriguez v. Robbins* (*Rodriguez II*), 715 F.3d 1127, 1134 (9th Cir. 2013) (*quoting Rodriguez v. Hayes* (*Rodriguez I*), 591 F.3d 1105, 1114 (9th Cir. 2010)). *Cf. Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017) ("the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process") *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203 (9th Cir. 2022) (in concurrence, observing that "it remains undetermined whether the Due Process Clause requires additional bond procedures under *any* immigration detention statute," and noting that both the Ninth Circuit "and the Supreme Court have repeatedly declined to decide constitutional challenges to bond hearing procedures in the immigration detention context") (emphasis in original).

Petitioner argues that his detention for over 8 months is not "brief" and argues that such detention violates the Due Process Clause. (Doc. 13 at 3-4; citing *Zadvydas v. Davis*, 533 U.S. 678). However, in *Zadvydas*, "the Supreme Court considered a challenge to the prolonged detention of two aliens who were being held in post-removal period detention at the discretion of the Attorney General under § 1231(a)(6). These aliens had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (citing *Zadvydas*, 533 U.S. 678). In *Prieto-Romero*, the Ninth Circuit explained that, though Petitioner's detention "lacks a certain end date, [] this uncertainty alone does not render his detention indefinite in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Id.* at 1063.

Petitioner also cites to *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). (Doc. 1 at 8).

However, the Ninth Circuit in *Hernandez* noted that, regarding the Ninth Circuit's prior holding that the government must provide periodic bond hearings every six months, the Supreme Court had granted certiorari. *Hernandez*, 872 F.3d at 983 n.8. Thereafter, the Supreme Court held that 1226(a) did not provide for bond hearings every six months, nor did it suggest the length of detention prior to which a bond hearing must be considered. *Jennings v. Rodriguez*, 583 U.S. 281, 284 (2018) ("Nothing in § 1226(a) … supports the imposition of periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that continued detention is necessary. Nor does it hint that the length of detention prior to the bond hearing must be considered in determining whether an alien should be released.").

As noted above in subpart (B), Petitioner has received adequate procedural protections through the bond hearing he received on November 12, 2025. Thus, Petitioner's due process claim for prolonged detention fails. Additionally, Petitioner does not contest the constitutionality of the bond hearing nor assert an error of law by the immigration judge. Any disagreements Petitioner may have regarding the decision of the immigration judge on the custody determination does not, by itself, demonstrate a constitutional violation.

Furthermore, any disagreements Petitioner may have with the immigration judge's weighing of evidence during the bond hearing are not subject to judicial review. *See Prieto-Romero*, 534 F.3d at 1058 (noting immigration detainees can appeal bond decisions to the Board of Immigration Appeals and "discretionary decisions granting or denying bond are not subject to judicial review"). Additionally, the Ninth Circuit has held that due process does not require that the government hold a second bond hearing where the government would bear the burden of proof by clear and convincing evidence. *Rodriguez Diaz*, 53 F.4th at 1203. Petitioner may request, however, another bond hearing before an immigration judge "upon a showing that the [Petitioner's] circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e).

Thus, the undersigned finds that Petitioner is not entitled to relief for either of the claims asserted in his petition.

///

11

## V.      **Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (Doc. 1) be DENIED.

2.  Petitioner's motions for immediate release (Docs. 13, 14) be DENIED.

3.  The Clerk of the Court be DIRECTED to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court.  Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved.  *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require.").  Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 18, 2026**                                              _____

UNITED STATES MAGISTRATE JUDGE

12